<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) Crim. Action No. 09-812 (GEB) |
| v. | )<br>) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| JAMES DEMURO and THERESA DEMURO, | )<br>)<br>) |
| Defendant. | )<br>) |

<u>**BROWN, Chief Judge**</u>

    This matter having come before the Court upon the Motion for Reconsideration filed by the Defendant Theresa Demuro (Doc No. 46) and upon the Motion for Reconsideration filed by the Defendant James Demuro (Doc. No. 47); and the Government having opposed the motions (Doc. No. 47); and the Court having reviewed the parties' submissions and decided the motions without oral argument pursuant to Local Rule of Procedure 78.1; and

    IT APPEARING THAT:

    1.    Defendants both seek this Court's reconsideration of their motion to dismiss Counts 2, 3, and 4 of the Superceding Indictment.

    2.    On May 17, 2010, the Court held that the Motions to Dismiss with respect to Defendants' statute of limitations argument should be denied. The Court concluded that the motions should be denied because Defendants signed a tolling agreement. As such, the Court concluded that

there was no statute of limitations bar with respect to the original charges or with respect to the additional charges set forth in the superceding indictment. An order was issued to this effect. (Doc. No. 44.)

    3. Defendant Theresa Demuro argues in support of her Motion for Reconsideration that the Court failed to consider the "gap in time that occurred between the time frames provided for by the tolling agreements" which "provided for a period of time that the statute of limitations would be tolled." (Def. T. Demuro's Br. at 2; Doc. No. 46-1.)  She also argues that the tolling agreement had expired, and as a result, "[s]ince no prosecution occurred during the time period covered by the previous tolling agreement and there was a gap in time between the previous tolling agreement and the subsequent tolling agreement . . . the statute of limitations bars commencement of prosecution." (Id.) (emphasis omitted).

    4. Defendant James Demuro argues in support of his Motion for Reconsideration that "the period during which prosecution of Counts 2, 3, and 4 of the Superceding Indictment [could have commenced] expired" and "[t]he opportunity for prosecution was not revived by subsequent tolling agreements." (Def. J. Demuro's Br. at 1; Doc. No. 47-1.)  He further argues that "the failed plea agreement was ineffective to revive the expired period for prosecution, because it was not a waiver of the statute of limitations." (Id.)

    5. The Government counter-argues in opposition to the motions that Defendants' Motions for Reconsideration "raise[] no new issues, repeat[] old rejected arguments, and continue[] to exhibit a fundamental misunderstanding of the concept of 'tolling.'" (Govt's Opp. Br. at 1; Doc. No. 48.) The Government asserts that the tolling agreements do not say that "the statute of limitations is extended only until the tolling agreements . . . 'expire'" and that in fact, these agreements do not, in


fact, expire. (Id.)  Rather, the Government points out that "the tolling agreements toll the statute of limitations for a certain specified block of time, thereby extending the statute of limitations for the block of time . . . for which the statute was tolled." (Id.)

6.  Motions for Reconsideration of a District Court order are not specifically authorized by the Federal Rules of Criminal Procedure. See United States v. Griffin, 84 F.3d 820, 826 n.4 (7th Cir. 1996).  However, the New Jersey Local Rules of Criminal Procedure specifically incorporate Local Civil Rule 7.1(i), which governs such motions. See Loc. Crim. R. 1.1. Accord United States v. Dieter, 429 U.S. 6, 8 (1976) (implying that motions for reconsideration are proper in both civil and criminal matters).  Local Civil Rule 7.1(i) provides:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Loc. Civ. R. 7.1(i).  The Third Circuit has made clear that motions for reconsideration should be granted in only three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (quoting Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

7. The Court will deny Defendants' motions. The Court notes that Defendants first raised the issue involving statute of limitations in their omnibus motion. (Defs.' Am. Omnibus Mot. Br. at 13; Doc. No. 17-1.)  In first addressing the motion, the Court reserved on the issue. (Order, April 7, 2010; Doc. No. 42.) Defendants raised the argument again in their letter briefs (Doc. Nos. 38, 39), to which the Government responded on April 9, 2010 (Doc. No. 43). The arguments made by Defendants in these letters are the same as those made now on reconsideration. Because motions for reconsideration are not a vehicle to reargue that which has already been presented to the Court, and because the Court concludes that reconsideration in this matter is not necessary to correct a clear error of law, the Court denies both Defendants' motions. As the Court stated on May 17, 2010, Defendants signed tolling agreements. The terms of these agreements are unambiguous. Further, the Court noted that as a result, Defendants' arguments were "without merit." In short, the Court agreed with the Government's interpretation of the terms of the tolling agreements in the first instance, agrees again on reconsideration with the Government's interpretation of the agreements, and sees no clear error of law that must now be corrected.

THEREFORE, it is this 2nd day of July, 2010, hereby

ORDERED that Defendant Theresa Demuro's Motion for Reconsideration (Doc. No. 46) is DENIED; and it is further

ORDERED that Defendant James Demuro's Motion for Reconsideration (Doc. No. 47) is DENIED.

                                                    <u>s/ Garrett E. Brown, Jr.</u>
                                            GARRETT E. BROWN, JR., U.S.D.J.